UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA ANN GOWAN,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 2:25-cv-02990-DC-CSK (SS)<br><br>FINDINGS AND RECOMMENDATIONS ON PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 8, 14) |

Plaintiff Rebecca Ann Gowan seeks judicial review of a final decision by Defendant Commissioner of Social Security denying an application for supplemental security income.[1] In the summary judgment motion, Plaintiff contends the final decision of the Commissioner contains legal error and is not supported by substantial evidence. Plaintiff seeks a remand for immediate award of benefits, or in the alternative, for further administrative proceedings. The Commissioner opposes Plaintiff's motion, filed a cross-motion for summary judgment, and seeks affirmance.

For the reasons below, the Court recommends that Plaintiff's motion be GRANTED, the Commissioner's cross-motion be DENIED, and the final decision of the Commissioner be REVERSED and REMANDED.

[1] This action was referred to the magistrate judge under Local Rule 302(c)(15) for the issuance of findings and recommendations. See Local Rule 304.

## I. SOCIAL SECURITY CASES: FRAMEWORK & FIVE-STEP ANALYSIS

The Social Security Act provides benefits for qualifying individuals unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(a). When an individual (the "claimant") seeks Social Security disability benefits, the process for administratively reviewing the request can consist of several stages, including: (1) an initial determination by the Social Security Administration; (2) reconsideration; (3) a hearing before an Administrative Law Judge ("ALJ"); and (4) review of the ALJ's determination by the Social Security Appeals Council. 20 C.F.R. §§ 404.900(a), 416.1400(a).

At the hearing stage, the ALJ is to hear testimony from the claimant and other witnesses, accept into evidence relevant documents, and issue a written decision based on a preponderance of the evidence in the record. 20 C.F.R. §§ 404.929, 416.1429. In evaluating a claimant's eligibility, the ALJ is to apply the following five-step analysis:

> **Step One**: Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to step two.
>
> **Step Two**: Does the claimant have a "severe" impairment? If no, the claimant is not disabled. If yes, proceed to step three.
>
> **Step Three**: Does the claimant's combination of impairments meet or equal those listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1 (the "Listings")? If yes, the claimant is disabled. If no, proceed to step four.
>
> **Step Four**: Is the claimant capable of performing past relevant work? If yes, the claimant is not disabled. If no, proceed to step five.
>
> **Step Five**: Does the claimant have the residual functional capacity to perform any other work? If yes, the claimant is not disabled. If no, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The burden of proof rests with the claimant through step four, and with the Commissioner at step five. *Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020). If the ALJ finds a claimant not disabled, and the Social Security Appeals Council declines review, the ALJ's decision becomes the final decision of the Commissioner. *Brewes v. Comm'r.*, 682 F.3d 1157, 1161-62 (9th Cir. 2012) (noting the Appeals Council's denial of review is a non-final agency action). At that point, the claimant may seek judicial review

of the Commissioner's final decision by a federal district court. 42 U.S.C. § 405(g).

The district court may enter a judgment affirming, modifying, or reversing the final decision of the Commissioner. *Id.* ("Sentence Four" of § 405(g)). In seeking judicial review, the plaintiff is responsible for raising points of error, and the Ninth Circuit has repeatedly admonished that the court cannot manufacture arguments for the plaintiff. *See Mata v. Colvin*, 2014 WL 5472784, at *4 (E.D. Cal, Oct. 28, 2014) (citing *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (stating that the court should "review only issues which are argued specifically and distinctly," and noting a party who fails to raise and explain a claim of error waives it).

A district court may reverse the Commissioner's denial of benefits only if the ALJ's decision contains legal error or is unsupported by substantial evidence. *Ford*, 950 F.3d. at 1154. Substantial evidence is "more than a mere scintilla" but "less than a preponderance," i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citations omitted). The court reviews evidence in the record that both supports and detracts from the ALJ's conclusion, but may not affirm on a ground upon which the ALJ did not rely. *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). The ALJ is responsible for resolving issues of credibility, conflicts in testimony, and ambiguities in the record. *Ford*, 950 F.3d at 1154. The ALJ's decision must be upheld where the evidence is susceptible to more than one rational interpretation, or where any error is harmless. *Id.*

## II. FACTUAL BACKGROUND AND ALJ'S FIVE-STEP ANALYSIS

On June 16, 2021, Plaintiff filed an application for supplemental security income under Title XVI of the Social Security Act, alleging an onset date of January 1, 2011. AT 267-75. Specifically, Plaintiff alleged she suffered from a general anxiety disorder, bipolar disorder, depression, high blood pressure, and thyroid disease. AT 296. Plaintiff's applications were denied initially and upon reconsideration, and she sought review before an Administrative Law Judge ("ALJ"). AT 116, 137, 174-76. Plaintiff appeared with a representative at an in-person hearing on October 19, 2022, where Plaintiff testified

about her impairments and a vocational expert ("VE") testified about hypothetical available jobs in the national economy. AT 41-67. On November 25, 2022, the ALJ issued a ruling finding Plaintiff not disabled, which was upheld by the Appeals Council. AT 21-36, 1-3. On April 19, 2023, Plaintiff initiated an action in the Eastern District of California seeking review of the ALJ's decision. AT 595; *see Gowan v. Commissioner of Social Security*, 1:23-cv-00598-DAD-AC (SS) (E.D. Cal.). On July 11, 2024, the district court declined to adopt the Findings and Recommendations issued on May 3, 2024, and granted summary judgment for Plaintiff, finding the ALJ committed reversible error in improperly evaluating the opinion of Dr. Maussa Cottone-Wilson, Psy.D., and remanded the case for further proceedings. AT 600-605.

On July 18, 2025, Plaintiff appeared via telephone with a representative at a new ALJ hearing and a VE testified about hypothetical available jobs in the national economy. AT 563-93. On August 29, 2025, the ALJ issued another decision finding Plaintiff not disabled. AT 514.

At step one, the ALJ concluded that Plaintiff had not performed substantial gainful activity since May 21, 2021, her application date. AT 520. At step two, the ALJ determined that Plaintiff suffered from the following impairments: generalized anxiety disorder and benzodiazepine use disorder. AT 520-21. At step three, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that equal the severity of any listing. AT 521-22 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1). Relevant here, the ALJ considered listing 12.04 (Depressive, bipolar, and related disorders) and 12.06 (Anxiety and obsessive-compulsive disorders).[2] AT 521.

---

[2] "Paragraph B" lists four categories for evaluating how a claimant's mental disorders limit their functioning: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. To be found disabled under the Paragraph B categories, the mental disorder must result in an "extreme" limitation of one, or "marked" limitation of two, of the four areas of mental functioning. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00 Mental Disorders, sub. A.2.b.

"Paragraph C" sets the criteria for "serious and persistent mental disorders," requiring a showing of medically documented history of the existence of the disorder for

The ALJ concluded that Plaintiff had moderate limitations in understanding, remembering, or applying information, interacting with others, and concentrating, persisting, or maintaining pace, and a mild limitation in adapting oneself. AT 521-22. The ALJ concluded "Paragraph B" was not satisfied due to Plaintiff's mental impairments not causing at least two "marked" or one "extreme" limitation. AT 522. The ALJ also found Plaintiff's impairments failed to meet "Paragraph C" criteria. *Id*.

The ALJ next found Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following limitations: "[Plaintiff] can understand, remember, and carry out simple instructions, occasionally interact with the public and coworkers, occasionally deal with changes in a routine work setting, and also she should have occasional supervision." *Id*. In making this finding, the ALJ considered Plaintiff's symptoms "to the extent which these symptoms can reasonably be accepted as consistent with the objective medical evidence," medical opinions, and prior administrative findings. *Id*.

Evaluating the medical opinions on Plaintiff's mental limitations, the ALJ found the opinions of Dr. Cottone-Wilson, Dr. Karen Ying, M.D., and Dr. M. Lin, M.D., to be mostly persuasive. AT 528-530.

Dr. Cottone-Wilson evaluated Plaintiff during a September 24, 2021 mental status evaluation at the request of the California Department of Social Services. AT 459-464. Dr. Cottone-Wilson concluded Plaintiff had (1) a mild limitation in understanding, remembering, and performing simple written and oral instructions; (2) a mild limitation in understanding, remembering, and performing complex written and oral instructions; (3) a mild to moderate limitation in maintaining regular attendance in the workplace (4) a moderate limitation in performing work activities on a consistent basis; (5) a moderate limitation in performing work activities without special or additional supervision; (6) a moderate limitation in an ability to complete a normal workday or workweek without

---

a period of at least two years. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00 Mental Disorders, sub. A.2.c.

interruptions; (7) a mild impairment to accept instructions from supervisors; (8) a mild to moderate impairment in an ability to interact with coworkers and the public; and (9) a moderate limitation in an ability to deal with the usual stresses encountered in a competitive work environment. AT 463.

The ALJ found Dr. Cottone-Wilson's opinion to be mostly persuasive. AT 529. The ALJ proceeded to discuss the opinion's impact on his RFC analysis and found that while the opinion indicates Plaintiff may perform more than simple instructions, the ALJ decided to limit Plaintiff to understanding, remembering, and carrying out simple instructions, consistent with her symptoms of anxiety and depression, and consistent with the usual stress in a work environment. *Id*. Next, the ALJ concluded that Dr. Cottone-Wilson's opinion merited no more than occasional interaction with Plaintiff's coworkers and the public. *Id*. The ALJ further concluded that Plaintiff's moderate limitations on dealing with stress, completing a workday, and performing work activities without special or additional instructions required a limitation of no more than occasional changes in the work setting and occasional supervision. *Id*.

Next, the ALJ turned to the state agency medical examiners: Dr. Ying, who evaluated Plaintiff at the initial decision, and Dr. Lin, who affirmed the findings at reconsideration. AT 96-115, 117-36. Dr. Ying opined Plaintiff could perform simple, routine tasks in a low stress work setting with occasional decision making or workplace changes and opined that Plaintiff have no public contact and occasional contact with co-workers. *Id*. Dr. Lin evaluated Plaintiff upon reconsideration in March 2022 and affirmed Dr. Ying's findings. *Id*. (citing AT 117-36). The ALJ concluded that the state medical examiners' findings were "mostly persuasive." AT 529. The ALJ proceeded to state that all findings aside from the recommendation of no public contact were incorporated into Plaintiff's RFC. *Id*. The ALJ explained that although the record included allegations that Plaintiff was isolated, confrontational, and "aggressive and demanding" towards providers, the findings were accommodated by the RFC's limitations to Plaintiff having only occasional contact with the public and coworkers and occasional supervision during

the workday. *Id*. In support of these conclusions, the ALJ referenced evidence from the record, including normal mental status exams and Plaintiff's conservative treatment. AT 530.

Based on the RFC, the ALJ concluded that Plaintiff was unable to perform any past relevant work. AT 530. However, at step five, the ALJ determined that Plaintiff was capable of performing other jobs in the national economy, including (1) laundry aide, Dictionary of Occupational Titles ("DOT") # 323.687-010, medium, SVP 2, with approximately 56,100 jobs in the national economy; (2) transportation cleaner, DOT # 919.687-014, medium, SVP 1, with approximately 55,700 jobs in the national economy; and (3) hand packager, DOT # 920.587-018, medium, SVP 2, with approximately 84,300 jobs in the national economy.[3] *Id*. Thus, the ALJ concluded Plaintiff was not disabled. *Id*. On October 15, 2025, Plaintiff filed another civil action in the Eastern District of California challenging the ALJ's ruling, and the parties filed cross motions for summary judgment. (ECF Nos. 1, 8, 14.)

## III. ISSUES PRESENTED FOR REVIEW

Plaintiff contends the ALJ erred by (1) incorporating Dr. Cottone-Wilson's medical opinion testimony into the RFC; (2) failing to properly evaluate the medical opinion testimonies of Dr. Ying and Dr. Lin; and (3) failing to provide clear and convincing reasons to discount Plaintiff's subjective symptom testimony. Pl. Mot. at 7-20 (ECF No. 8).

In contrast, Defendant argues that (1) the ALJ properly evaluated the medical opinion testimonies of Dr. Cottone-Wilson, Dr. Ying, and Dr. Lin; and (2) the ALJ properly evaluated Plaintiff's subjective symptom testimony. Def. Mot. at 2-9 (ECF No. 14).

/ / /

---

[3] "Medium" in the ALJ's step-five determination references medium work, as defined by 20 C.F.R. §§ 404.1567(c) and 416.967(c)

"SVP" is "specific vocational preparation," defined as "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." See DOT, App. C, § II, available at 1991 WL 688702.

## IV. DISCUSSION

### A. Medical Opinion Evidence

#### 1. Legal Standards

"The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC" (residual functional capacity). *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). In doing so, the ALJ must articulate a "substantive basis" for rejecting a medical opinion or crediting one medical opinion over another. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014); *see also Marsh v. Colvin*, 792 F.3d 1170, 1172-73 (9th Cir. 2015) ("an ALJ cannot in its decision totally ignore a treating doctor and his or her notes, without even mentioning them").

The applicable rules provide that adjudicators for the Social Security Administration, including ALJs, evaluate medical opinions according to the following factors: supportability; consistency; relationship with the claimant; specialization; and other factors such as the medical source's familiarity with other evidence in the record or with disability program requirements. 20 C.F.R. § 416.920c(c)(1)-(5). The most important of these factors are supportability and consistency. 20 C.F.R. § 416.920c(b)(2). Supportability is the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations. 20 C.F.R. § 416.920c(c)(1). Consistency is the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources, including the claimants themselves. 20 C.F.R. §§ 416.920c(c)(2), 416.902(j)(1). The ALJ will articulate how he considered the most important factors of supportability and consistency, but an explanation for the remaining factors is not required except when deciding among differing yet equally persuasive opinions or findings on the same issue. 20 C.F.R. § 416.920c(b). The new regulations "still require that the ALJ provide a coherent explanation of his reasoning" and establish "a minimum level of articulation to be provided in determinations and decisions, in order to provide sufficient rationale for a reviewing adjudicator or court." *Sam-Chankhiao v. Kijakazi*, 2022 WL 4226170, at *3

(E.D. Cal. Sept. 13, 2022) (citing *Hardy v. Commissioner*, 554 F. Supp. 3d 900, 906 (E.D. Mich. 2021)).

2. <u>Analysis</u>

a. *Dr. Cottone-Wilson*

Plaintiff argues the ALJ erred in his assessment of Dr. Cottone-Wilson's medical opinion testimony by failing to account for the doctor's moderate limitations in dealing with stress, workday attendance, and performing work activities without additional supervision in the RFC. Pl. Mot. at 9-12. Conversely, Defendant argues that the ALJ properly took Dr. Cottone-Wilson's opined limitations into account when creating the RFC and that Plaintiff's assertions of error are truly disagreements with the ALJ's opinion that are not a basis for remand. Def. Mot. at 2-5.

"The caselaw in this circuit is split but tends to favor the view that simple/routine tasks is not a catchall and does not account for limitations such as maintaining attendance." *de los Santos v. Kijakazi*, 2022 WL 1541464, at * 6 (E.D. Cal. May 16, 2022) (citations omitted). Courts have found reversible error where the RFC failed to include limitations opined by medical experts who were not previously discounted. *See Warren v. Saul*, 2021 WL 259435, at *6 (C.D. Cal. Jan. 26, 2021) (finding ALJ erred where RFC required simple work-related decisions, only occasional changes in a routine work setting, unlimited contact and interaction with supervisors as necessary but otherwise occasional interaction with coworkers failed to accommodate opined moderate limitations in ability to maintain regular attendance, interact with a supervisor, or complete an eight-hour workday); *see also Panziera v. Berryhill*, 2018 WL 278623, at *20-21 (N.D. Cal. Jan. 3, 2018) (finding an ALJ erred where RFC required simple, repetitive tasks but failed to accommodate opined moderate attendance and social-related limitations).

Here, the ALJ summarized Dr. Cottone-Wilson's findings as Plaintiff having mild to moderate limitations in: (1) maintaining regular attendance in the workplace; and (2) interacting with coworkers and the public. AT 529. Additionally, Dr. Cottone-Wilson

found Plaintiff had moderate limitations in: (1) performing work activities on a consistent basis; (2) performing work activities without special or additional supervision; and (3) completing a normal workday or workweek without psychiatric interruptions, dealing with the usual stresses encountered in a competitive work environment. *Id*.

The ALJ began his analysis by finding Dr. Cottone-Wilson's opinion to be "mostly persuasive." *Id*. The ALJ proceeded to discuss the opinion's impact on his RFC analysis and found that while the opinion indicates Plaintiff may perform more than simple instructions, the ALJ decided to limit Plaintiff to understanding, remembering, and carrying out simple instructions, consistent with her symptoms of anxiety and depression, and consistent with the usual stress in a work environment. *Id*. Next, the ALJ concluded that Dr. Cottone-Wilson's opinion merited no more than occasional interaction with Plaintiff's coworkers and the public. *Id*. The ALJ further concluded that Plaintiff's moderate limitations on dealing with stress, completing a workday, and performing work activities without special or additional instructions required a limitation of no more than occasional changes in the work setting and occasional supervision. *Id*.

Plaintiff argues that the ALJ erred in restricting Plaintiff to simple, routine tasks, which she argues does not adequately accommodate the moderate limitations opined by Dr. Cottone-Wilson. Pl. Mot. at 9. In contrast, Defendant argues that there is no error because the ALJ imposed additional limitations in Plaintiff's RFC. Def. Mot. at 4. Further, Plaintiff argues that the ALJ erred in restricting Plaintiff to occasional work setting changes based on Dr. Cottone-Wilson's opined moderate limitations on dealing with stress, completing a workday, and performing work activities. Pl. Mot. at 11-12.

In *Stubbs-Danielson v. Astrue*, the Ninth Circuit held that the ALJ appropriately limited an RFC to simple, repetitive tasks where the plaintiff was moderately limited in her ability "to perform at a consistent pace." 539 F. 3d 1169, 1173-74 (9th Cir. 2008). However, the Ninth Circuit has found that a limitation to simple instructions is not appropriate where the mental limitations exist outside of an ability to perform at a consistent pace. *See Panziera*, 2018 WL 278623, at *20. While the Court agrees with

Defendant that the RFC restrictions of no more than occasional changes in the work setting and occasional supervision also incorporate Plaintiff's moderate limitations, a restriction to occasional work setting changes does not accommodate Plaintiff's moderate limitation in maintaining attendance. *See Warren*, 2021 WL 259435, at *5. Additionally, it is unclear how the RFC incorporates Plaintiff's moderate limitation in completing a normal workday or workweek. Thus, the Court concludes the ALJ erred by not including these moderate limitations or providing legally sufficient reasons for rejecting them. *See Warren*, 2021 WL 259435, at *6.

Last, Plaintiff argues that the RFC formulation was "impermissibly vague" due to the ALJ's findings that Plaintiff was required to have occasional supervision where the ALJ accounted for Dr. Cottone-Wilson's moderate limitation of performing work activities without special or additional supervision. Pl. Mot. at 11-12, 19-20. Plaintiff further argues that an occasional restriction, as defined in the Social Security context, means that it will apply from "very little" to a third of Plaintiff's workday. Pl. Mot. at 19. Thus, Plaintiff argues that as defined, an occasional limitation does not accommodate Dr. Cottone-Wilson's opinion that Plaintiff has a moderate limitation in performing work activities without additional supervision. *Id*. (citing *Dawson v. Colvin*, 2015 WL 1064413, at *12 (W.D. Wash. Mar. 11, 2015) ("It seems extremely plausible that a person with severe difficulties in concentration would require additional, rather than occasional supervision in the workplace.")).

Defendant counters that the ALJ considered other evidence besides Dr. Cottone-Wilson's medical opinion testimony when formulating the RFC limitation, such as findings in the record documenting fair to poor insight and judgment, thus depriving Plaintiff of a basis for remand. Def. Mot. at 5. This argument is confusing, as incorporating a finding of fair to poor insight or judgment would likely warrant a more severe limitation than what was issued by the ALJ. Therefore, the Court concludes the ALJ erred in rejecting Dr. Cottone-Wilson's moderate limitation in performing work activities without special or additional supervision without providing a legally sufficient

reason for rejecting the moderate limitation. *See Warren*, 2021 WL 259435, at *6. Thus, the Court concludes remand is necessary to evaluate Dr. Cottone-Wilson's opinion and recommends granting Plaintiff summary judgment on this issue.

b. *Dr. Ying and Dr. Lin*

Plaintiff argues the ALJ erred in evaluating the medical opinion testimonies of the state agency doctors, Dr. Ying and Dr. Lin by (1) failing to accommodate their adoption of the prior ALJ's findings that Plaintiff could perform simple, routine tasks in a low stress work setting; (2) erring in restricting Plaintiff to occasional public interaction rather than adopting the state agency doctors' recommendation of no public contact; and (3) finding Plaintiff's treatment was conservative. Pl. Mot. at 17-18. In contrast, Defendant argues that the ALJ properly incorporated the state agency doctors' opinions into the RFC. Def. Mot. at 5-7.

As stated above, Dr. Ying evaluated Plaintiff during a state agency medical consultation in November 2021. AT 529 (citing AT 96-115). Dr. Ying opined Plaintiff could perform simple, routine tasks in a low stress work setting with occasional decision making or workplace changes; Plaintiff should have no public contact; and Plaintiff should have occasional contact with co-workers. *Id*. Dr. Lin evaluated Plaintiff upon reconsideration in March 2022, and affirmed Dr. Ying's findings. *Id*. (citing AT 117-36). The ALJ concluded that the state medical examiners' findings were "mostly persuasive." AT 529. The ALJ proceeded to state that all findings aside from the recommendation of no public contact were incorporated into Plaintiff's RFC. *Id*. The ALJ explained that although the record included allegations that Plaintiff was isolated, confrontational, and "aggressive and demanding" towards providers, the findings were accommodated by the RFC's limitations to Plaintiff having only occasional contact with the public and coworkers and occasional supervision during the workday. *Id*. In support of these conclusions, the ALJ referenced evidence from the record, including normal mental status exams and Plaintiff's conservative treatment. AT 530.

Plaintiff first argues that the ALJ erred in failing to properly incorporate the state

agency doctors' opinions that Plaintiff could perform simple, routine work tasks in a low stress work setting. Pl. Mot. at 16. Defendant responds that the ALJ had already accommodated this limitation into the RFC. Def. Mot. at 6. The two cases Plaintiff cites in support of her argument only limited the plaintiffs to simple, routine, tasks and interaction with coworkers. *See Palleschi v. Colvin*, 2016 WL 7261400, at *5 (C.D. Cal. Dec. 15, 2016); *see also John S. v. Saul*, 2020 WL 5880462, at *3 (C.D. Cal. Oct. 2, 2020). This is not the case here, where the ALJ additionally limited Plaintiff to no more than occasional changes in the work setting. The ALJ used this restriction to accommodate Dr. Cottone-Wilson's opined moderate limitation of dealing with the usual stresses encountered in a competitive work environment, which the Court finds applicable here. AT 529. Thus, the Court finds the ALJ did not err when incorporating the state agency doctors' findings into the RFC.

However, the Court finds the ALJ erred in discounting a portion of the state agency doctors' medical opinion testimony regarding social interaction. Plaintiff contends the ALJ erred in discounting the state agency examiners' opinion that Plaintiff be limited to no public interaction. Pl. Mot. at 17-18. Plaintiff argues the ALJ erred in discounting this portion of the doctors' opinions because the ALJ's interpretation of the objective medical evidence and that Plaintiff's conservative treatment were not supported by substantial evidence. Pl. Mot. 18. For the reasons stated below, the Court finds the ALJ did not have substantial evidence to conclude Plaintiff's treatment was conservative, therefore, the Court concludes the ALJ erred in discounting the state medical examiners' medical opinion testimony regarding social interaction. The Court recommends granting Plaintiff summary judgment on this issue.

**B. Subjective Symptom Testimony**

1. <u>Legal Standards</u>

The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. *See, e.g., Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the

ALJ must make an explicit credibility finding. *Albalos v. Sullivan*, 907 F.2d 871, 873-74 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." *Morgan v. Commissioner of Social Sec. Admin*., 169 F.3d 595, 599 (9th Cir. 1999); *see also Lambert v. Saul*, 980 F.3d 1266, 1277-78 (9th Cir. 2020).

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. *See id.* at 345-47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); *see generally* SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13.

"Ultimately, the 'clear and convincing' standard requires an ALJ to show his work." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). "This requires the ALJ to 'specifically identify the testimony [from a claimant] she or he finds to be not credible and … explain what evidence undermines the testimony." *Lambert*, 980 F.3d at 1277 (quoting *Treichler v. Comm. of Soc. Sec. Admin*., 775 F.3d 1090, 1102 (9th Cir. 2014)). Boilerplate statements and general summaries of the evidence, without more, are not enough. *Id*. at 1277-78. That said, an ALJ is not required "to perform a line-by-line exegesis of the claimant's testimony" or "draft dissertations when denying benefits." *Id*. at 1277. However, an ALJ's detailed overview of the claimant's medical history—coupled with a nonspecific boilerplate conclusion that her testimony is "not entirely consistent" with her medical treatment—is not enough to satisfy the minimal requirements for assessing credibility. *Lambert*, 980 F.3d at 1277-78.

/ / /

2. Analysis

Plaintiff argues the ALJ erred in his analysis of Plaintiff's subjective symptom testimony because (1) he provided an inaccurate description of the clinical evidence regarding Plaintiff's mental status; and (2) the ALJ's finding of conservative treatment lacked substantial evidence. Pl. Mot. at 14-15.

Defendant counters that the ALJ (1) properly relied on the objective medical evidence in discounting Plaintiff's subjective symptom testimony; (2) the ALJ's conclusion of conservative treatment was supported by substantial evidence; and (3) the ALJ highlighted direct contradictions between Plaintiff's hearing testimony and her statements to providers regarding her panic attacks. Def. Mot. at 7-9.

a. *Conservative Treatment*

The Court finds the ALJ erred in discounting Plaintiff's subjective symptom testimony on the basis of Plaintiff's conservative treatment. The ALJ concluded that Plaintiff "has been maintained on medication management with limited therapy or other mental health treatment." AT 523. In support, the ALJ discussed several reports outlining Plaintiff's medication history between 2020 and 2025; however, while the reports documented some improvement in Plaintiff's symptoms, there appeared to be an undercurrent of ongoing anxiety and depression-related symptoms. AT 523-528. For example, while a report from February 2021 documented improvement in Plaintiff's anxiety due to medication, an April 2021 medication management evaluation found Plaintiff endorsing "high" anxiety. AT 524 (citing AT 406-8, 450). Similarly, while an August 2022 medication management report indicated that treatment was working, Plaintiff endorsed anxiety again in subsequent October 2022 and January 2023 reports. AT 525 (citing 767, 771).

Further, Plaintiff was restrained and placed on a 5150 hold in October 2023 and showed symptoms of yelling, spitting, and kicking. AT 526 (citing AT 890, 892). Although Plaintiff was found to have taken an ecstasy pill prior to her hospitalization, she still reported anxious mood. *Id*. (citing AT 923-25, 931-33).

In 2024, despite having reports of controlled anxiety in January, Plaintiff showed signs of irritability and walked out of a September 2024 appointment after a discussion of being moved to a lower level of care. AT 526-27 (citing AT 798, 839). Plaintiff later endorsed passive suicidal ideation in November 2024. *Id*. 527 (citing AT 798).

In sum, the Court finds that while there was some improvement due to Plaintiff's medication history, Plaintiff's symptoms "waxed and waned" over the course of her treatment. *Garrison v. Colvin*, 759 F. 3d 995, 1017 (9th Cir. 2014). "It is error to reject a claimant's testimony because symptoms wax and wane in the course of treatment." *Id*. "Reports of 'improvement' in the context of mental health issues must be interpreted with an understanding of the patient's overall well-being and the nature of [her] symptoms." *Id*. (citing *Ryan v. Commissioner of Social Sec*., 528 F. 3d 1194 1200-01 (9th Cir. 2008)). The Court finds that the ALJ erred in concluding that such treatment undermined Plaintiff's disability. Therefore, the Court concludes that substantial evidence does not support the finding that Plaintiff's response to medication was a clear and convincing reason to discount her testimony.

b. *Inconsistent Statements*

Defendant argues that the ALJ's conclusion that Plaintiff's testimony of having multiple panic attacks a day was contradicted by the record was an independent clear and convincing reason for discounting Plaintiff's subjective symptom testimony. Def. Mot. at 8. "The ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct." *Molina v. Astrue*, 674 F. 3d 1104, 1112 (9th Cir. 2011), *superseded on other grounds by regulation*. Here, the ALJ concluded that the record did not document ongoing panic attacks while Plaintiff presented normal mental status findings. AT 23. The Court does not agree that this represents a contradiction between Plaintiff's testimony and the record, but instead represents a lack of support in the record. Def. Mot. at 8 (quoting *Butler v. Saul*, 785 Fed Appx. 389, 389-90 (9th Cir. 2019)). Thus, the Court declines to treat the ALJ's analysis as an independent clear and convincing reason to discount Plaintiff's subjective

symptom testimony outside of an inconsistency with the objective medical evidence.

c. *Objective Medical Evidence*

The ALJ's remaining reason for discounting Plaintiff's subjective symptom testimony is due to a lack of consistency with the objective medical evidence. AT 523-28. The ALJ may not rely on inconsistency with the objective medical evidence as the sole reason for discounting Plaintiff's testimony. *See Burch v. Barnhart*, 400 F. 3d 676, 680 (9th Cir. 2005). Therefore, the Court concludes the ALJ erred in discounting Plaintiff's subjective symptom testimony and recommends granting Plaintiff summary judgment on this issue.

**V. CONCLUSION**

In conclusion, the Court recommends granting summary judgment in favor of Plaintiff on the following issues, finding (1) the ALJ erred in evaluating Dr. Cottone-Wilson's medical opinion testimony; (2) the ALJ erred in evaluating Dr. Ying and Dr. Lin's medical opinion testimonies; and (3) the ALJ erred in evaluating Plaintiff's subjective symptom testimony.

With error established, the court has the discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021; *see also Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district

court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); *Treichler,* 775 F.3d, at 1105 ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the record as a whole creates serious doubt as to whether Plaintiff was, in fact, disabled during the relevant period. On remand, the ALJ is free to develop the record as needed but must sufficiently analyze Dr. Cottone-Wilson, Dr. Ying, and Dr. Lin's medical opinion testimonies and whether there are clear and convincing reasons for discrediting Plaintiff's testimony. The Court expresses no opinion regarding how the evidence should ultimately be weighed, and any ambiguities or inconsistencies resolved, on remand. The Court also does not instruct the ALJ to credit any particular opinion or testimony. The ALJ may ultimately find Plaintiff disabled during the entirety of the relevant period; may find Plaintiff eligible for some type of closed period of disability benefits; or may find that Plaintiff was never disabled during the relevant period, provided that the ALJ's determination complies with applicable legal standards and is supported by the record as a whole.

## FINDINGS AND RECOMMENDATIONS

Accordingly, the Court RECOMMENDS:

1. Plaintiff's motion for summary judgment (ECF No. 8) be GRANTED;
2. The Commissioner's cross-motion (ECF No. 14) be DENIED;
3. The final decision of the Commissioner is REVERSED and REMANDED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may

waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: October 14, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, gowa.2990.25